IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00245-BNB

REVEREND MATT HALE,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
DAVID BERKEBILE (individually),
BLAKE DAVIS (individually),
CHRISTOPHER SYNSVALL (individually),
BENJAMIN BRIESCHKE (individually),
S. M. KUTA (individually),
L. MILUSNIC (individually),
PATRICIA RANGEL (individually),
WENDY HEIM (individually),
S. SMITH (individually),
H. REDDEN (individually),
DIANA KRIST (individually), and
A. TUTTOILMONDO (individually),

     Defendants.

_____

## ORDER DENYING MOTION FOR RECONSIDERATION
_____

     Plaintiff, Matt Hale, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He submitted *pro se* on February 25, 2014, a motion (ECF No. 8) to reconsider the order of February 10, 2014 (ECF No. 5), directing him to file an amended Prisoner Complaint. He also objects to the treatment of the motion (ECF No. 6) to reconsider of February 14, 2014, motion as an objection, which the Court overruled on February 19, 2014.  *See* ECF No. 7.

On February 10, I ordered Mr. Hale to file within thirty days an amended Prisoner Complaint on the proper, Court-approved form that complied with Rule 8 of the Federal Rules of Civil Procedure, sued the proper parties, and alleged the personal participation of each named Defendant.  The February 10 order warned Mr. Hale that if he failed to file an amended Prisoner Complaint as directed within the time allowed, the action may be dismissed without further notice.

Instead of filing the amended Prisoner Complaint as directed, Mr. Hale filed on February 14 the first motion to reconsider, which the Court treated as an objection and overruled on February 19.  *See* ECF No. 7.  The February 25 motion (ECF No. 8) asks the Court to reconsider the February 10 order and not to construe the February 25 motion as an objection.  The Court must construe liberally the February 25 motion because Mr. Hale is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for reconsideration will be denied.

I have reviewed the file and agree with the directives of the February 10 order. Therefore, the February 25 motion will be denied.  Mr. Hale is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Hale seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims.

Accordingly, it is

ORDERED that the motion filed on February 25, 2014 (ECF No. 8), asking the Court to reconsider the order of February 10, 2014 (ECF No. 5), directing Plaintiff, Matt

Hale, to file an amended Prisoner Complaint, is denied.  It is

FURTHER ORDERED that Mr. Hale continues to have **thirty (30) days from the date of the order of February 10, 2014**, in which to comply with the order.  Failure to do so within the time allowed may result in the dismissal of the instant action.  It is

FURTHER ORDERED that the Court will not consider any further motions to reconsider the February 10 order.

DATED March 3, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge