IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-00245-MSK-MJW

REVEREND MATT HALE,

        Plaintiff,

v.

FEDERAL BUREAU OF PRISONS;
DAVID BERKEBILE, individually;
BLAKE DAVIS, individually;
CHRISTOPHER SYNSVALL, individually;
BENJAMIN BRIESCHKE, individually;
S.M. KUTA, individually;
L. MILUSNIC, individually;
PATRICIA RANGEL, individually;
WENDY HEIM, individually;
S. SMITH, individually;
H. REDDEN, individually;
DIANA KRIST, individually; and
A. TUTTOILMONDO, individually,

        Defendants.

---

## TRIAL PREPARATION ORDER
## -CIVIL

---

        This Order sets deadlines, imposes requirements that supplement the Scheduling Order and

the Civil Practice Standards, and imposes requirements for trial.

### A.  Applicable Standards and Rules

        References in this Order to "counsel" apply to parties appearing *pro se*.   All counsel

should be familiar with the Practice Standards

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/2014%20Uniform%20Practice

1

%20Standards_MSK.pdf and Local Rules of Practice for the United States District Court for the

District of Colorado

http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2014-FINAL-Local-Rules.pdf as

well as the Federal Rules of Civil Procedure and Evidence.

      If a party to this case is incarcerated**,** he or she must provide a copy of this Order and all

other orders issued in this case to his or her Case Manager.   The party is also responsible for

attending all hearings.   To attend a scheduled hearing by telephone, a party's Case Manager

should contact the Courtroom Deputy Clerk, Patricia Glover at (303)335-2185 at least two

business days prior to the hearing to make the necessary arrangements.

### B.   Pretrial Scheduling Order

      **Modification:**   Requests for modification, or extension, of deadlines set in the Scheduling

Order will be referred to the Magistrate Judge for resolution.   A request to extend the dispositive

motion deadline more than 30 days beyond the deadline originally set in the initial Scheduling

Order must show exceptional circumstances warranting the extension.

      **Dispositive Motions:**   The formats for dispositive motions are found at

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_samp_dis_mot.pdf and

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_sj.pdf.   Failure to use the

appropriate format may result in a delayed ruling on the motion.

      If the dispositive motion deadline passes without dispositive motions being filed, the

parties shall contact Chambers **within 10 days of the dispositive motion deadline** to request that

a Final Pretrial Conference be set.   Failure to contact Chambers within this time may result in the

case being dismissed for failure to prosecute.

      **Rule 702 Motions:**   The format and procedure for Rule 702 motions is found at

2

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/Daubert-702%202014%20revision.pdf.   Rule 702 motions must be filed by the deadline in the Scheduling Order for the filing of dispositive motions.   If the dispositive motion deadline is changed, the Rule 702 motion deadline automatically changes as well.   If determination of a Rule 702 motion is required for determination of a dispositive motion, please so state in the title of the Rule 702 motion.

### C.   Proposed Final Pretrial Order

Counsel shall meet and confer sufficiently in advance of the Final Pretrial Conference to jointly prepare a Proposed Final Pretrial Order.   It shall be filed with proposed jury instructions, and proposed voir dire questions at least **7 days before the Final Pretrial Conference**.

The Proposed Final Pretrial Order should reflect the narrowing of issues to be actually tried, the witnesses that will be called and the exhibits that will be presented.   The format for the Proposed Final Pretrial Order differs from that specified in the Local Rules.   The content of the following sections is changed as set forth below:

**Section 3: Claims and Defenses** – Parties are discouraged from submitting a narrative summary of the claims, defenses, facts, and legal theories.   If a narrative summary is submitted, it should not exceed one page, and shall be in addition to the following:

Separately enumerate each claim and affirmative defense (a defense on which the Defendant bears the burden of proof) that will be tried. **An example is attached to this Order.** For each claim and affirmative defense designate:

1) the standard of proof;

2) if the claim is governed by state law, the state whose law controls the claim; and

3) each element that must be proved.   For each element, identify facts that establish the element.   For each fact, indicate either that it is stipulated or, identify the witness whose

3

testimony or the exhibit, the contents of which, will establish such fact.   Any claims or affirmative defenses not specifically identified may be deemed waived.

**Section 4:   Stipulations**  -   It is neither necessary nor appropriate to present evidence of facts which are not in dispute.   To save time and expense for the parties and fact finder(s), and to focus the trial, the parties shall stipulate to all material facts that are not in dispute.[1]   Stipulated facts will be included in a jury instruction given to the jury prior to opening statements.

**Section 5: Pending motions** – Identify all motions either filed or which will be filed prior to trial, including the specific relief that will be requested.

**Section 6:   Witnesses** – Parties should attach a **single, joint list** of all witnesses on the form found at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_witness.pdf. Designate the **total time** needed for the testimony of each witness (or the time necessary to present deposition testimony).

The estimated duration of testimony in the Witness List is used **solely** to ensure that the time set aside for trial is sufficient to receive the testimony of all expected witnesses.   The time calculation is **not** a limitation on the amount of time that a witness may be examined at trial; parties may allocate their allotted trial time as they see fit.

**Section 7:   Exhibits** – Exhibits should be listed on a **single, joint exhibit** list using the form available at

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_exhibit.pdf.   Exhibits should be numbered without designation as Plaintiff's or Defendant's exhibits.   Parties may use

---

1 Please be cognizant of the difference between disputing the existence of a fact and disputing the significance of that fact.   For example, a stipulation to the existence of fact (*e.g.* that the sun set at 7:00 p.m. on the day in question) does not prevent the party from arguing as to the significance of that fact (*e.g.* that there was or was not adequate daylight at 7:00 p.m.).   FED.R.CIV.P. 11(b)(4) provides guidance as to when a matter is in dispute.

the exhibit numbers that were used in pretrial discovery so long as they conform with the Practice

Standards

http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/2014%20Uniform%20Practice

%20Standards_MSK.pdf.   All objections are reserved for trial.

### D.   Final Pretrial Conference

The Court will schedule the Final Pretrial Conference once all dispositive motions are

determined, or upon the request of the parties should no dispositive motion be filed.   **Trial**

**counsel and the parties <u>must</u> appear.**   If a party is an organization, the client representative who

will appear at trial on behalf of that organization shall be present.

At the Final Pretrial Conference, the Court will review the Proposed Final Pre-trial Order

with counsel to determine what issues will ultimately be tried, what facts can be stipulated to, what

factual disputes require evidence, the time necessary for trial and other trial related issues.   If the

case has not been sufficiently narrowed, an amended final pretrial order may be required or the

case may be referred to the Magistrate Judge for preparation for trial.

Once the matter is ready for trial, the trial will be set no sooner than 30 days after the Final

Pretrial Conference, but as soon as the Court's calendar allows.   The trial setting will be firm,

subject only to the need for a criminal trial in compliance with the Speedy Trial Act.

Trials usually run 4-5 days per week, depending on the length of the trial.   All trials begin

on Monday morning at 8:30 a.m.   Expect approximately six hours trial time per trial day.   The

trial will be set for a specified number of days.   The time (exclusive of *voir dire*, charging

conferences, and initial and final charging of the jury) will be divided equally between Plaintiff(s)

and Defendant(s).   At counsels' discretion, such time can be used for opening statements, closing

arguments, presentation of evidence, objections and motions.   Absent objections made at the

Final Pre-Trial Conference, a chess clock will be used to divide trial time equally between Plaintiff(s) and Defendant(s).    Parties may reallocate trial time among themselves but the total trial time will not be increased except upon showing of extraordinary, unanticipated circumstances.

Any problems in the trial setting or special needs for witnesses should be addressed at the Final Pretrial Conference. The unavailability of designated witnesses, including "may call" and "will call" witnesses, will not constitute a basis for delay in or continuance of the trial.   A party shall secure the presence of any witness it intends to call.   Counsel should always have a sufficient number of witnesses available to testify such that recesses or early adjournments of the trial day will not be necessary. If witnesses are not available, lost time may be counted against the party whose case is being presented.

At the time fixed for trial, all parties shall be present and ready to proceed.   If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party or the time of unavailability credited against the party's share of the trial time.   If both parties are absent or unprepared, the case may be dismissed, and costs, fees, or sanctions may be imposed against either or both parties and/or their counsel.

### E.   Modification of Order

This Order **may not be modified by agreement of the parties**.   However, upon timely, written application, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.   Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated.

**Failure to comply with the provisions of this Order or the applicable procedural rules**

**may result in imposition of sanctions including, but not limited to, vacation of the trial,**

**barring the presentation of evidence, dismissal of claims or defenses, entry of default or**

**awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37.**

DATED this 17th day of November, 2015.

**BY THE COURT:**

Marcia S. Krieger
United States District Court

## Attachment to Trial Preparation Order

**Example**:

*Claim 1:   Breach of contract under Colorado law*
  Plaintiff has burden of proof by a preponderance of the evidence

  **Elements:**  **(1)-(3) offer, acceptance, consideration**
       (a) the parties stipulate that these elements are satisfied
      **(4) performance by the plaintiff**
       (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets
       to Widget Packers, Inc.   (Testimony of Peter Plaintiff; Don
       Defendant; Exhibits 1, 4)
       (b) The widgets conformed to the specifications in the contract.
       (Testimony of Peter Plaintiff; Exhibit 2)
       (c) The widgets were delivered on the date set by the contract.
       (Exhibit 2)
      **(5) non-performance by the defendant**
       (a) Widget Packers, Inc. failed to remit payment on the terms set by
       the contract. (Testimony of Barry Bookkeeper; Exhibit 2)
       (b) Peter Plaintiff has made several written demands for payment.
       (Peter Plaintiff; Exhibits 3, 5, 7)
      **(6) damages**
        (a) Peter Plaintiff has been damaged in the contract amount
        of $10,000.   (Testimony of Peter Plaintiff; Exhibit 2).

*Claim 2:   Unjust Enrichment under Colorado law*
  Plaintiff has burden of proof on all elements by a preponderance of the evidence

  **Elements:**  **(1) Defendant has received a benefit**
       (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets
       to Widget Packers, Inc. pursuant to a contractual agreement.
       (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 2, 4).
      **(2) the benefit is at the Plaintiff's expense**
       (a) Widget Packers, Inc. failed to remit payment on the terms set by
       the contract.   (Testimony of Barry Bookkeeper, Exhibit 2)
      **(3) justice requires that Defendant reimburse the Plaintiff for the
      benefit received**
       (a)   The widgets have a market value of $15,000.   (Testimony of
       Peter Plaintiff)
       (b)   Don Defendant is in breach of the contract.   (Testimony of
       Peter Plaintiff)

 *Affirmative Defense to Claim 2:   Failure to mitigate under Colorado law*

Defendant has burden of proof on all elements by a preponderance of the evidence

**Elements:**      **(1) Plaintiff had a reasonable opportunity to avoid injury**

(a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened.   (Testimony of Don Defendant; Peter Plaintiff)

(b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo.   (Don Defendant; Warren Widget; Exhibit 6)

**(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**

(a) Peter Plaintiff did not respond to the March 5, 2004 message.   (Don Defendant)

(b) Peter Plaintiff did not respond to the March 8, 2004 letter.   (Don Defendant)