IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00245-MSK-MJW

REVEREND MATT HALE,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

---

## PROTECTIVE ORDER ( Docket No. 75-1 )

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials and/or information, including, without limitation, documents produced, including electronic discovery, video materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    If Defendant discloses to Plaintiff a document or information that would otherwise be protected by the Privacy Act, this Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such disclosure.

    3.    Documents, materials and/or information designated "CONFIDENTIAL" (collectively, "CONFIDENTIAL Information") shall be information that is confidential and that may implicate prison security and safety, the safety of persons both within and outside the prison, law enforcement techniques or investigations, and/or other sensitive personal

information.  CONFIDENTIAL Information shall not be disclosed or used for any purpose except the litigation of this case.  All such documents and materials, as well as documents and materials that are protected under the Privacy Act, shall be marked "CONFIDENTIAL" pursuant to this Protective Order.  CONFIDENTIAL Information shall not be disclosed or used for any purpose except litigation of this case.  The protections granted by this Protective Order shall not be waived.

    4.     CONFIDENTIAL Information shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a.     Attorneys actively working on this case;

    b.     Persons regularly employed or associated with the attorneys actively working on this case, including agency counsel, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.     The parties;

    d.     Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    e.     Witnesses and court reporting personnel during depositions;

    f.     The Court and necessary Court staff; and

    g.     Other persons by prior written agreement of the parties.

    5.     Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 7(d), 7(e), and 7(g), the party shall provide each such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such

2

acknowledgments shall be retained by the parties and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

6. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate depositions, or portions thereof, as CONFIDENTIAL after transcription, provided written notice is given within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. Materials designated as CONFIDENTIAL Information pursuant to this Protective Order, if part of a public filing, will be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2(d). In accordance with D.C.COLO.LCivR 7.2(d), either contemporaneously or within fourteen (14) days of the filing of the pleading or document, either party may file a motion to restrict access to the pleading or document.

8. A party may object to the designation of CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the dispute within fourteen (14) days after the time the written notice is received, it shall be the obligation of the party designating the CONFIDENTIAL Information to file an appropriate motion requesting that the Court determine whether good cause exists for the disputed information to be treated as CONFIDENTIAL and subject to the terms of this Protective Order. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion, consistent with Paragraph 7 of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion

3

within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL.

9.      Plaintiff shall segregate all CONFIDENTIAL Information produced to Plaintiff in the course of this litigation.  Personnel from the Federal Bureau of Prisons will assist Plaintiff in segregating this CONFIDENTIAL Information.  To facilitate this process, materials produced to Plaintiff by Defendant will be produced on **blue** paper.

10.     Within 30 days of the conclusion of this litigation, Plaintiff shall return all CONFIDENTIAL Information, and all copies of such CONFIDENTIAL Information, produced to Plaintiff pursuant to this Protective Order.

11.     This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on, or constitute a waiver of, any potential objection to the discoverability, relevance or admissibility of any record, other than objections based on the Privacy Act.

12.     This Protective Order does not apply to the disclosure of any information subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

4

DATED this 16th day of ___December___, 2015.


BY THE COURT:


_____
MICHAEL J. WATANABE
United States Magistrate Judge

5